IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GRIGORY SOROKIN,<br><br>    Petitioner,<br>vs.<br><br>DORA SCHRIRO, et al.,<br><br>    Respondents. | No.  CV 07-0579-PHX-DCG (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On March 19, 2007, Grigory Sorokin, ("Petitioner"), an inmate confined by the Arizona Department of Corrections, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition"). (Doc. No. 1.) Named as Respondents in the Petition are Dora B. Schriro, Director of the Arizona Department of Corrections; and Terry Goddard, Attorney General of the State of Arizona. Respondents filed an Answer ("Answer") to the Petition on July 20, 2007, with exhibits A through T attached. (Doc No. 14)   No reply was filed.

Pursuant to the Rules of Practice of this Court**,** this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

 For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

    **A.**      **Trial Court Proceedings**

On February 4, 2003, Petitioner was charged by the Grand Jurors of Maricopa County, Arizona, with three counts of sexual assault, Class 2 Felonies (Counts 1, 4, and 10); two counts of molestation of a child, class 2 felonies and dangerous crime against

1  children (Counts 2 and 6); and sexual abuse, class 5 felonies (Counts 3, 5, 7, 8, 9, 11,
2  12 and 13).  (Answer, Ex. B)

3　　　　　On January 27, 2004, Petitioner entered a plea agreement to plead guilty to
4  Amended Count 1, attempted sexual assault, a class 3 felony; Count 3, sexual abuse;
5  and Amended Count 6, attempted child molestation, a class 3 felony and dangerous
6  crime against children in the 2nd degree.  (Answer, Ex. D) The State agreed to dismiss
7  the remaining charges.  (Id., Ex. D)  The trial court accepted the Petitioner's plea on
8  that same date.  (Id., Ex. E)

9　　　　　On February 27, 2004, the trial court sentenced Petitioner to an aggravated term
10 of 7 years' imprisonment in the Arizona Department of Corrections on Count 1, and,
11 on Counts 3 and 6, concurrent terms of lifetime probation upon release from prison on
12 Count 1.  (Id., Ex. F.)

13　　**B.**　　**Petition for Post-Conviction Relief**

14　　　　　On March 8, 2004, Petitioner filed a notice of post-conviction relief ("PCR").
15 (Id., Ex. F) On March 24, 2004, the court appointed counsel from the Office of the
16 Public Defender to represent the defendant, ordered the preparation of transcripts, and
17 set a briefing schedule for the petition.  (Id., Ex. H)  On September 1, 2004, counsel for
18 Petitioner filed a Motion to Dismiss Petition for Post-Conviction Relief.  (Answer, Ex.
19 I) Attached to the motion requesting voluntary dismissal, was the following signed
20 statement by Petitioner:

21　　　Grigory Sorokin, the defendant in this action, hereby requests that the
　　　　petition for post-conviction relief in this matter be dismissed as I no
22　　　longer wish to contest the judgment of guilt or sentence entered against
23　　　me in this case.

24

25　　　I understand that my attorney will file a motion to dismiss my petition for
　　　　post-conviction relief.
26

27

28

> I also understand that once this petition for post-conviction relief is dismissed, I will not be able to file another petition in this case unless there is new evidence which would have changed the verdict or sentence, a law has changed which would probably overturn the conviction or sentence, or, I am being held in custody after my sentence has expired.

(Answer, Ex. I)

On September 1, 2004, the trial court granted Petitioner's request to dismiss the Rule 32 proceeding. (Answer, Ex. J)  The dismissal was filed on September 6, 2004. (Id.)

### C. Second Petition for Post-Conviction Relief

On February 28, 2005, Petitioner, through counsel, filed a Successive Petition for Post-Conviction Relief. (Id., Ex. K)  Petitioner stated that his claim was pursuant to Rule 32.1(g), and Rules 1.3, 32.1 of the Arizona Rules of Criminal Procedure, "and more specifically, the United States Supreme Court's decision in *Blakely v. Washington,* --- U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403, (decided June 24, 2004)."

On April 4, 2005, the trial court dismissed the successive petition for post-conviction relief, finding that Petitioner "voluntarily dismissed his first Rule 32 of-right proceeding on September 1, 2004.  As *Blakely* was decided on June 24, 2004, defendant should have raised his *Blakely* claim in that first proceeding.  He is now precluded from relief, pursuant to Rule 32.2(a)."  (Answer, Ex. L)

Petitioner filed a Motion for Reconsideration on April 15, 2005, arguing that he authorized his public defender to dismiss his first Rule 32 of-right proceeding without first discussing his options with counsel, or being apprised of the applicability of the *Blakely v. Washington* decision to his case. (Answer, Ex. M)  Petitioner submitted that his Rule 32 of-right counsel's performance in dismissing his petition constituted ineffective representation resulting in prejudice to Petitioner. (Id.)  The trial court denied the motion for reconsideration, finding that, in substance, the motion for

- 3 -

1  reconsideration was making a new argument, (*i.e.* ineffective assistance of counsel) and,
2  under the provisions of Rule 32 it is not proper for a defendant to assert what is in
3  essence a new petition for post-conviction relief in the context of a motion for
4  reconsideration. The trial court denied the motion. (Answer, Ex. N)

On May 27, 2005, Petitioner filed a Motion to Reinstate Petition for Post-Conviction Relief, based on ineffective assistance of counsel and a significant change in the law. (Answer, Ex. O) The court denied the motion on June 23, 2005, noting that Petitioner's first Rule 32 of-right proceeding was dismissed on September 1, 2004, and he thus had until October 1, 2004 to timely file a second Rule 32 of-right notice[1]. Furthermore, the trial court noted that a claim of ineffective assistance of counsel falls under Rule 32.1(a) and is therefore not one of the exceptions to the timeliness requirements of Rule 32.4(a), and the Court had previously ruled that Petitioner could not obtain *Blakely* relief under that exception because he should have raised his *Blakely* claim in the first Rule 32 of-right proceeding.

Petitioner filed a Petition for Review before the Arizona Court of Appeals. (Answer, Ex. Q) The Court of Appeals denied review on May 23, 2006. (Answer, Ex. R)

Petitioner filed a Petition for Review before the Arizona Supreme Court. (Answer, Ex. S) The Arizona Supreme Court denied review on December 12, 2006)

**D.     Federal Habeas**

Petitioner filed the present petition for habeas corpus in the District Court on March 19, 2007. (Doc. No. 1) Petitioner raises the following claims: (1) Petitioner's sentence "violated his rights protected by the Sixth Amendment of the United States Constitution as a result of his receiving ineffective assistance of counsel" and (2)

---

[1] The trial court noted that counsel conceded on behalf of Petitioner that Petitioner learned of the *Blakely* case in September 2004.

- 4 -

Petitioner's sentence "violates the Sixth Amendment of the United States Constitution and the right to a jury trial as his sentence was aggravated in violation of his right to a jury trial." (Doc. No. 1, at 9-10)

## II. DISCUSSION

### A. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.[2] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir.1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007).

---

[2] In the wake of *Bowles v. Russell*, --- U.S. ----, 127 S.Ct. 2360 (2007), the availability of equitable tolling is in question. This Court, however, need not resolve the issue because even assuming equitable tolling remains viable after *Bowles*, Petitioner does not satisfy the requirements for such tolling.

- 6 -

**C.     Analysis**

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Petitioner had until one year after his convictions and sentences became final to file his federal petition.

**D.     Limitation Period Under § 2244(d)(1)(A)**

Petitioner's conviction and sentence were based upon a guilty plea, and thus, under Arizona law, Petitioner's post-conviction relief proceedings were "of-right." *See* Rule 32.1, Az.R.Cr.P. Accordingly, AEDPA's statute of limitations did not begin to run until the conclusion of Petitioner's Rule 32 "of-right" proceedings. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."); *see also* 28 U.S.C. § 2244(d)(a)(A) (stating that a judgment becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review). Petitioner's conviction and sentence became final on October 1, 2004, thirty (30) days after the trail court dismissed Petitioner's petition for post-conviction relief, when Petitioner's opportunity to petition the Arizona Court of Appeals for review had expired[3]. *See* Rule 32.9(c), Ariz.R.Crim.P. (stating that defendant has 30 days after the filing of a decision to file a petition for review by the Arizona Court of Appeals). Although direct review is not normally complete until the

---

[3]  The Court assumes, without deciding, that even though Petitioner voluntarily dismissed his Rule 32 of-right petition, he would still have 30 days to file a petition for review by the Arizona Court of Appeals. Respondents asserted, without citation, that the decision became final the day the trial court dismissed the petition. This explains the thirty day discrepancy between this Court's timeliness calculations, and the Repsondents' calculations, even though, under either method, the instant petition would be untimely.

- 7 -

1  time for filing a writ of certiorari to the United States Supreme Court has expired, *see*
2  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), certiorari can only be sought
3  following a decision or denial of discretionary review by the state court of last resort,
4  *i.e.* the Arizona Supreme Court. *See* SupCt.R.13. Accordingly, Petitioner was required
5  to file his petition for writ of habeas corpus within one year of the date his convictions
6  became final, *i.e.*, one year from October 1, 2004, absent statutory tolling.

### E. Statutory Tolling

The only tolling events occurring after the limitations period started were the filing of the successive petition for post conviction relief, motion for reconsideration, motion to reinstate petition for post-conviction relief, and petitions for review to the Arizona Court of Appeals and Arizona Supreme Court. The AEDPA allows for tolling during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Despite Petitioner having filed a successive petition for PCR on February 28, 2005, the statute of limitations continued to run. The successive petition was not "properly filed" and therefore did not toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In Arizona, a defendant who pleads guilty in a non-capital case and waives his right to a direct appeal retains the means to exercise his constitutional rights to appellate review through the procedure under the Arizona Rules of Criminal Procedure of filing a Rule 32 "of-right" petition within ninety days after the entry of judgment and sentence. Ariz.R.Crim.P. 32.4(a). Thereafter, the first petition is deemed a direct appeal for purposes of the rule, and a successive petition must be filed within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition. *See State v. Pruett*, 185 Ariz. 128 (App. 1995); Ariz.R.Crim.P. 32.4(a). While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), the trial court specifically rejected Petitioner's

assertion that his *Blakely* claim qualified as an exception pursuant to Rule 32.1(g). (See Answer, Ex. L)

The trial court dismissed the successive Rule 32 petition, denying Petitioner's request to except the petition pursuant to Rule 32.1(g), because *Blakely* had been decided prior to the dismissal of his first Rule 32 petition. (Answer, Ex. L)  The trial court later clarified that a second notice in a Rule 32 of-right proceeding must be filed within 30 days of the final order issued in the first Rule 32 of-right proceeding, and thus Petitioner had until October 1, 2004 to timely file a second Rule 32 of-right notice. (Answer, Ex. P) The successive petition was filed on February 28, 2005. (Answer, Ex. K)  Thus, the successive petition was untimely, failed to qualify under the gateway exceptions of Rule 32.1(d) through (h), and thus, was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

Similarly, the motion for reconsideration (Answer, Ex. M) was summarily rejected by the trial court as an improperly filed petition for post conviction relief. (Answer, Ex. N)  The trial court also summarily denied the motion to reinstate, raising both the *Blakely* claim and the ineffective assistance claim, filed on May 27, 2005, finding the ineffective assistance claim untimely and, as the claim fell under Rule 32.1(a), not subject to the timeliness exceptions of Rule 32.4(a), and precluded as to the *Blakely* claim and previously ruled on by the trial court  (Answer, Ex. P)

As discussed above, untimely pleadings summarily dismissed by the state courts are not "properly filed" and do not result in statutory tolling of the 1-year statute of limitations. *See Pace*, 544 U.S. at 417 (holding that "[b]ecause the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed,' and he was not entitled to statutory tolling under § 2244(d)(2)").  The statute of limitations ran a total of 899 days from October 2, 2004, until Petitioner filed the instant petition for writ of habeas corpus on March 19, 2007. Petitioner was required to file his petition for writ of habeas corpus in 365 days, excluding time where the statute of limitations was properly tolled.

See 28 U.S.C. § 2244(d)(1)(A) & (d)(2). Thus, Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations.

Additionally, the filing of the second petition or subsequent pleadings could not restart the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Thus, unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition, filed on March 19, 2007, is untimely. This Court must recommend denial of Petitioner's petition for writ of habeas corpus as untimely filed.

### F. Equitable Tolling

Petitioner raises no grounds for equitable tolling in his petition, and did not file a reply. Petitioner does not make a sufficient showing that these are "extraordinary circumstances" that caused the untimely filing of his Petition. The Magistrate Judge does not reach the Petitioner's or Respondent's alternate arguments as to the merits of this case.

### III. RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 07-579-PHX-DGC**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 18th day of July, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge