**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grigory Sorokin, | No. CV-07-579-PHX-DGC (BPV) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, Director of the Arizona Department of Corrections; and Terry Goddard, Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner Grigory Sorokin is a state prisoner confined by the Arizona Department of Corrections. Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #1. United States Magistrate Judge Bernardo Velasco has filed a report and recommendation ("R&R") recommending that the petition be dismissed as untimely. Dkt. #15. Petitioner has filed objections to the R&R. Dkt. #16. A response and reply have been filed. Dkt. ##19-20. For reasons stated below, the Court will accept the R&R and dismiss the petition.

**I.    Background.**

On January 27, 2004, Petitioner pled guilty in state court to charges of attempted sexual assault, sexual abuse, and attempted child molestation. Dkt. #14, Exs. D-E. Petitioner was sentenced one month later to an aggravated term of seven years' imprisonment and lifetime probation. *Id.*, Ex. F.

1       Petitioner filed a notice of petition for post-conviction relief ("PCR") on March 8,
2 2004. *Id.*, Ex. G. Petitioner subsequently filed a motion to voluntarily dismiss the petition,
3 which was granted on September 1, 2004. *Id.*, Exs. I-J.

4       On February 28, 2005, Petitioner filed a successive petition for PCR on the ground
5 that the Supreme Court's decision in *Blakely v. Washington*, 524 U.S. 296 (2004), was a
6 significant change in the law that applied to his case. *Id.*, Ex. K. The trial court denied the
7 successive petition on the ground that Petitioner was precluded from relief because he should
8 have raised his *Blakely* claim in his first PCR petition. *Id.*, Ex. L. The trial court denied
9 Petitioner's motion for reconsideration. *Id.*, Exs. M-N.

10       On May 27, 2005, Petitioner filed a motion to reinstate petition for PCR alleging
11 ineffective assistance of counsel and reasserting his *Blakely* claim. *Id.*, Ex. O. The trial court
12 denied the motion as untimely. *Id.*, Ex. P. Appellate review was denied. *Id.*, Exs. R-T.

13       Petitioner filed the instant habeas petition on March 19, 2007. Dkt. #1. Petitioner
14 alleges that his PCR counsel provided ineffective assistance and his aggravated sentence
15 violates his Sixth Amendment right to a jury trial. *Id.* at 8-11.

16 **II.     Discussion.**

17       The federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
18 "imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners
19 in federal court." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003) (citing 28
20 U.S.C. § 2244(d)(1)). The limitation period generally begins to run when the state conviction
21 becomes final "by the conclusion of direct review or the expiration of the time for seeking
22 such review[.]" 28 U.S.C. § 2244(d)(1)(A); *see White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir.
23 2002) ("Under the AEDPA . . . a state prisoner must file his federal habeas corpus petition
24 within one year of the date his state conviction became final.").

25       The R&R concludes that the AEDPA's limitation period began to run on October 1,
26 2004 – 30 days after the dismissal of Petitioner's first PCR petition (*see* Dkt. #14, Ex. J), that
27 the limitation period is not subject to statutory tolling under § 2244(d)(2), that the instant
28 habeas petition is therefore untimely because it was filed more than 500 days late on

1  March 19, 2007 (*see* Dkt. #1), and that Petitioner has established no grounds for equitable
2  tolling. Dkt. #15 at 7-10.

3  Petitioner does not dispute that his habeas petition is untimely. He instead contends
4  that his PCR counsel's failure to advise him of the *Blakely* decision constitutes "good cause"
5  for his untimely filing in state court and he therefore should not be barred from proceeding
6  with his habeas petition in this Court. Dkt. #16 at 4-9.

7  As Respondents correctly note, the AEDPA's limitation period may not be equitably
8  tolled merely upon a showing of "good cause." Dkt. #19 at 8. The "'threshold necessary to
9  trigger equitable tolling under [the] AEDPA is very high[.]'" *Spitsyn v. Moore*, 345 F.3d
10 796, 799 (9th Cir. 2003). A petitioner seeking equitable tolling bears the burden of showing
11 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
12 circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The
13 petitioner also "'must show that the extraordinary circumstances were the cause of his
14 untimeliness.'" *Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (quoting
15 *Spitsyn*, 345 F.3d at 799).

16 In his reply, Petitioner cites *Spitsyn* for the proposition that attorney misconduct can
17 justify equitable tolling under the AEDPA. Dkt. #20 at 4-5. Petitioner's reliance on *Spitsyn*
18 is misplaced. The attorney in *Spitsyn* completely failed to file a federal habeas petition
19 despite the fact that he was hired to do so nearly a year before the filing deadline. He also
20 refused to communicate with the petitioner and his mother regarding the status of the petition
21 and he retained the petitioner's file for the duration of the limitation period. 345 F.3d at 801.
22 Petitioner has not shown that the alleged ineffectiveness of his state PCR counsel caused him
23 to delay filing his *federal habeas petition*. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35
24 (9th Cir. 2003) (equitable tolling not justified where petitioner failed to show that his "self-
25 representation on appeal caused him to delay filing his federal habeas application"). In short,
26 Petitioner "has failed to establish the requisite causal connection." *Bryant*, 499 F.3d at 1061.

27 Moreover, even if a causal connection existed, Petitioner has not shown that the
28 alleged negligence on the part of his PCR counsel was "sufficiently egregious" to constitute

extraordinary circumstances warranting equitable tolling. *Spitsyn*, 345 F.3d at 800-01 (stating that "ordinary attorney negligence will not justify equitable tolling"); *see Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (attorney's miscalculation of limitation period did not warrant equitable tolling).

Finally, Petitioner has not shown that he acted diligently in raising his *Blakely* and ineffective assistance claims. Petitioner learned of the *Blakely* case in September 2004 (Dkt. #14, Ex. P at 1 n.1), but did not raise a *Blakely* claim in state court until February 2005 (*id.*, Ex. K) and did not file the instant habeas petition until March 2007 (Dkt. #1). This Circuit has made clear that equitable tolling is justified "only where 'external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)); *see Bryant*, 499 F.3d at 1061 ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence.").

In summary, the Court finds that Petitioner's objections to the R&R are without merit. The Court will accept the R&R and dismiss the habeas petition as untimely. *See* 28 U.S.C. § 636(b)(1) (the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) (same). Given this ruling, the Court need not address Respondents' argument that equitable tolling is no longer available under the AEDPA. *See* Dkt. #19 at 3-7.

**IT IS ORDERED:**

1. The Magistrate Judge's report and recommendation (Dkt. #15) is **accepted**.

2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **dismissed**.

3. The Clerk is directed to **terminate** this action.

DATED this 9th day of September, 2008.

David G. Campbell
United States District Judge